## MITCHELL *versus* TAYLOR.

The property of a vessel may pass to the purchaser, although the certificate of her registry or enrollment be not recited in the instrument of conveyance.

But unless the instrument of conveyance contain such a recital, no new certificate of registry or enrollment can issue to the purchaser.

In the certificate of registry or enrollment, surrendered to the collector of the customs, upon the sale of a vessel, the purchaser has no interest.

Such papers are of no value to either party.

CASE, against the collector of the port of Wiscasset, for refusing to furnish to the plaintiff the proper papers, necessary for the navigation of his schooner, Palo Alto.

Barnes formerly owned the schooner. In July, 1847, he

mortgaged her to the plaintiff to secure two notes, payable Nov. 10, 1847. The mortgage was duly recorded, and a copy was filed with the defendant, and Barnes surrendered to him the enrollment and license, but the mortgage contained no recital of the certificate of enrollment.

On the 17th of Jan'y, 1848, the plaintiff, through Barnes, as his agent, applied to the defendant for papers necessary to the navigation of the vessel. But the defendant declined to give any.

SHEPLEY, C. J., presiding, ordered a nonsuit, which, if incorrectly ordered, is to be taken off.

*Fessenden & Deblois*, for the plaintiff.

1. As to the liability of public officers to individuals for delinquency in duty, we cite — *Tracy* v. *Swartwout*, 10 Pet. 80; *Jenner* v. *Jolleff*, 9 Johns. 381; *Burke* v. *Trevett*, 1 Mason, 96; *Bartlett* v. *Crozier*, 15 Johns. 250.

2. A vessel, when transferred, is entitled to a new certificate of registry or enrollment, and it is the collector's duty to issue it. Stat. of U. S. of 1792, c. 11, §14; Stat. of U. S. of Feb'y 18, 1793; Stat. of U. S. of March 2, 1797.

3. There was a complete and valid transfer of the schooner to the defendant by the mortgage, although it omitted to recite the certificate of enrollment.

That omission affects only the national character of the vessel. *Colson* v. *Bonzey*, 6 Maine, 474; *Badger* v. *Bank of Cumberland*, 26 Maine, 434.

Barnes' right of redeeming had expired at the end of sixty days from the pay-day of the note. This was known to the defendant, for a copy of the mortgage had been filed in his office.

When the collector is legally satisfied of the transfer, he is bound to deliver, on demand, such papers as shall nationalize the vessel, and enable the owner to have the profitable use of her. And yet, when told the plaintiff would take her, he threatened to make a seizure, just for the want of the very papers he was bound to furnish.

If he did not choose to give a permanent enrollment, it was his duty to give one temporarily, that she might be taken to

the port of the owner.    Statute of U. S. of February 18, 1792, sect. 3.

But, suppose the defendant was, by the omission in the mortgage, justified in refusing to issue a new set of papers, he was bound to deliver the old ones. The demand upon him was for *some kind of papers,* without specifying what ones. And he refused to grant *any.*

Our position is, that an American citizen, owning an American bottom, is entitled to such papers from the collector, as shall enable him to use his vessel in navigation.

*Shepley* and *Dana,* for defendants.

The authorities cited in the plaintiff's brief, fully sustain the nonsuit.

. The question is, not in whom was "*the property,*" but whether the plaintiff was in any condition to demand *the papers* of the collector.

His title was derived under the mortgage.

*That mortgage contained no recital of any certificate of enrollment or registry.*

The vessel was "incapable of being registered or enrolled anew" after such a transfer. Sect. 14, chap. 11, Statute of U. S. Dec. 31, 1792, Statutes at Large, vol. 1, p. 294; sect. 2, Stat. U. S. Feb. 18, 1793, Statutes at Large, vol. 1, p. 305.

Upon such transfer the former register or enrollment is to be given up to the collector to be transmitted to the Secretary of the Treasury to be canceled.

If the title *had* passed to the plaintiff, he was not entitled to the *old papers,* because they were, in such case, to be retained and canceled. And he was not entitled to *new papers,* because his conveyance did not contain a recital of the enrollment. The collector would have violated the law by giving him either.

The gentlemen seem to rely upon the 7th chapter of the Act of March 2, 1797. But that Act has no reference to a case like the present. In the first place, the Palo Alto was not transferred to the plaintiff "*by process of law*" but by a voluntary conveyance. In the next place, "the certificate of

Mitchell *v.* Taylor.

enrollment was" *not* "retained by the former owners;" but had been surrendered to the collector; and thirdly, the "Secretary of the Treasury" had *not* "ordered and directed the collector to grant a new certificate of enrollment or license."

As to what is said about a temporary enrollment; in the first place, none was demanded; in the next place, the condition alone upon which such temporary papers can be issued, is that an oath should be taken, that the property remains as expressed in the enrollment proposed to be given up.    Statutes at Large vol. 1, page 498.

WELLS, J. — At the time when the papers were demanded of the defendant, the right of redemption in the property mortgaged had terminated, and it became absolute in the mortgagees, although there was no recital in the mortgage of the certificate of enrollment.    The property passes without such recital in the instrument of transfer.    *Bixby* v. *The Franklin In. Co.* 8 Pick. 86; *Weston* v. *Penniman,* 1 Mason, 306; *Badger* v. *Bank of Cumberland,* 26 Maine, 428.

By the Act of Cong. of Dec. 31, 1792, § 14, when a registered vessel shall be sold, the certificate of registry must be recited at length in the instrument of transfer, "otherwise the said ship or vessel shall be incapable of being so registered anew," and unless she is registered anew when a sale or transfer takes place, she loses her character as a vessel of the United States.    And by the Act of Feb. 18, 1793, § 2, in order for the enrollment of a ship or vessel, she must possess the same qualifications, and the same requisites in all respects must be complied with as are made necessary for registering ships or vessels.

The mortgage, which was the instrument of transfer, did not contain a recital of the certificate of enrollment, and the plaintiff therefore, was not entitled to a new enrollment, and a certificate of it.    He cannot maintain an action for any new papers, to which he is not by law entitled.

Has he a right of action against the defendant for not de-

livering to him the old certificate and license? They had been given to the defendant by the former owner, the mortgager. The fourteenth section of the Act previously mentioned, requires the certificate to be delivered up to the collector when a new registry shall be made, and to be transmitted to the register of the treasury for cancelation. And the Act of the eighteenth of February, 1793, must be understood as requiring the same course to be taken, to procure a new enrollment. When the application was made to the defendant for the necessary papers, he was already in possession of the certificate and license. But he could not by law enroll the schooner anew. If he had complied with the request of the plaintiff, and delivered to him the certificate, the plaintiff could not, by a surrender of it to any other collector, have procured a new enrollment, and by the fifth section of the Act last mentioned, upon a change of ownership, the license was no longer in force. Neither the certificate of enrollment, nor license could have been of any service to the plaintiff. They furnished no aid to the enjoyment of the property he had purchased. Their legal operation ceased when the sale took place, and they are of no value to any one.

Whether the plaintiff would have had any interest in the papers, if the transfer had been properly made, as evidence to be exhibited for the purpose of obtaining a new enrollment, it is unnecessary to determine.

The third section of the same Act relates to cases where a change is made from a registry to an enrollment and license, or *vice versa*, while the ownership of the property remains. The plaintiff could claim no right under this section of the Act, if he had requested such change to be made, without an oath of the master, that the property remained as expressed in the enrollment proposed to be given up. No such oath was taken, and none could have been consistently with truth, for there had been a change of property.

The Act of March 2, 1797, provides for cases where a ship or vessel has been sold by process of law. The Palo Alto was transferred by contract. The law prescribes the

force and effect of it, but its origin lies in the consent of the parties. Besides, it does not appear, that the defendant has ever received any order from the Secretary of the Treasury, as is contemplated by this Act, to grant a new certificate or license.

There does not appear to be any ground upon which the action can be maintained, and the nonsuit must be confirmed.